Filed 5/9/23 In re A.S. CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.S., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E079931 |
| Plaintiff and Respondent, | (Super.Ct.No. J280886) |
| v. | OPINION |
| J.P., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Steven A. Mapes, Judge. Affirmed.

Lelah S. Fisher, under appointment by the Court of Appeal, for Defendant and Appellant. J.P.

Valerie N. Lankford, under appointment by the Court of Appeal, for Minor.

Tom Bunton and Michelle D. Blakemore, County Counsel, Dawn M. Martin, Deputy County Counsel for Plaintiff and Respondent.

While a prior appeal in A.S.'s (Minor) case was pending (case No. E076176; hereafter, the prior appeal)[1], the juvenile court granted the adoption petition of Minor's foster parents and dismissed the dependency case pertaining to Minor. Subsequently, this court filed its opinion in the prior appeal; at the time, this court was unaware of the dismissal in the juvenile court. Upon the juvenile court receiving our remittitur from the prior appeal with directions to hold an evidentiary hearing, the juvenile court concluded it lacked jurisdiction to hold the hearing. Defendant and appellant, J.P., who is Minor's paternal aunt (Aunt) appeals asserting we should recall the remittitur in the prior appeal. We affirm.

## PROCEDURAL HISTORY

Minor was two months old when he was removed from his mother and father. Minor was placed in foster care. The Department filed a supplemental petition on behalf of Minor. (Welf. & Inst. Code, § 387.)[2] Aunt and Minor's paternal grandmother (collectively, Relatives) made a written request for relative placement preference of Minor (§ 361.3) which, including exhibits, was approximately 55 pages. The exhibits included, among other things, declarations from Relatives as well as many photographs.

---

[1] By separate order, this court took judicial notice of the record in the prior appeal.

[2] All subsequent statutory references will be to the Welfare and Institutions Code, unless otherwise indicated.

At the start of the contested jurisdiction and disposition hearing, the juvenile court explained that Relatives' request for placement preference would be addressed as part of the disposition hearing. During the disposition hearing, the juvenile court said, "My intent is not to have witnesses."[3] The juvenile court remarked that it had read Relatives' written request. The following exchange occurred:

"[Relatives' Attorney]: The Court will allow some testimony?

"The Court: No. . . . [W]ith all of these pictures and documents and declarations—you can move that into evidence. That's part of what I would consider evidence. Right now I don't need testimony. If I feel like I need it to help me make the decision, I'll allow it. But right now I don't see that. I think you have given me a lot to look at. Thank you. [¶] Everybody got a copy of her [request]; right?

"[Relatives' Attorney]: So second call, your Honor?

"The Court: Yes. Just to make sure everybody has each other's stuff. Thank you."

After a recess that lasted "like an hour and a half or two," the juvenile court said, "[S]o she did request to call witnesses, but, frankly, based on everything I have, there is no need for extra evidence. I would receive in the declarations of family, along with the pictures and things like that they put in . . . . Those would be the things I would be

---

[3] We note that this hearing took place during the pandemic, on October 6, 2020.

considering, and I don't think it's necessary to call witnesses, and that is my purview to determine if I have enough information."[4]

The juvenile court confirmed Relatives' exhibits were admitted into evidence and asked Relatives' Attorney if she had "any other documentary evidence you want [the court] to consider?" She responded, "That's it for now." In the argument portion of the disposition hearing, Relatives' Attorney argued the issue of relative preference, asserting, "It is in the best interest if [Minor] is placed with the [Relatives] and assessed accordingly." Father's attorney concurred with Relatives' attorney.

In announcing its ruling, the juvenile court said, "I did read the declarations and information and pictures. I appreciate the love [Relatives have for Minor]." After providing its analysis, the juvenile court concluded, "[F]or the reasons stated in [the section] 361.3 analysis . . . , I think it would be harmful to remove [Minor] to place him with [R]elatives."

In the prior appeal, Relatives asserted that the juvenile court denied them an evidentiary hearing on their request for relative placement. While the prior appeal was pending, on March 23, 2021, the juvenile court terminated Mother's and Father's parental rights. On December 27, 2021, while the prior appeal was still pending, the

---

[4] Section 350, subdivision (a)(1), provides, in relevant part, "The judge of the juvenile court shall control all proceedings during the hearings with a view to the expeditious and effective ascertainment of the jurisdictional facts and the ascertainment of all information relative to the present condition and future welfare of the person upon whose behalf the petition is brought."

juvenile court granted Minor's foster parents' petition for adoption and dismissed the dependency case.

On January 19, 2022, this court filed its opinion in the prior appeal, reversing with directions for the juvenile court "to hold a full evidentiary hearing to consider the relative placement issues under [Welfare and Institutions Code] section 361.3, subdivision (a)." The remittitur issued on March 23, 2022.

Approximately six months later, on September 16, 2022, in the juvenile court, the Department moved to dismiss the case. The Department asserted that Minor was no longer a ward of the juvenile court, and therefore could not be the subject of a placement hearing, as directed by this court. In opposing the motion to dismiss, Aunt asserted the juvenile court had lacked subject matter jurisdiction to proceed with the adoption while the prior appeal was pending.

On October 5, 2022, in a minute order, the juvenile court explained, "Matter on calendar due to the adoption for this case filed and finalized while there was a pending appeal. [¶] The [juvenile] court was not aware there was a pending appeal and would not have proceeded with the adoption. [¶] Court notes there was no stay ordered from [the] Court of Appeal; however had the [juvenile] court known there was a pending appeal the adoption would not have been set. [¶] The [juvenile] court now does not have juris[diction] to have this hearing and there are no pending appeals. [¶] The matter is now dismissed and all counsel relieved."

5

**DISCUSSION**

Aunt appeals from the juvenile court's October 5, 2022 determination that it lacked jurisdiction to proceed with the case. Aunt's appeal is essentially a motion to recall the remittitur in the prior appeal, which Aunt asserts should be recalled "to instruct the juvenile court to vacate its adoption order and reinstate [Minor's] dependency case so that [the juvenile court] may hold the evidentiary hearing regarding relative placement."

A juvenile court must give relatives preferential consideration when determining a dependent's placement. (§ 361.3, subd. (a).) That means the issue of relative placement arises at the disposition hearing and "whenever a new placement of the child must be made." (§ 361.3, subd. (d); *In re Lauren R.* (2007) 148 Cal.App.4th 841, 854, 857-858.) Accordingly, the juvenile court considered the issue of relative placement preference during the disposition hearing, as required, but it excluded live testimony. (§ 361.3, subd. (d).)

Because this is an appeal—not a motion—Aunt needs to establish prejudice before we can reverse. (Code Civ. Proc., § 475.) Therefore, Aunt needs to direct us to a point in the record that establishes a reasonable probability of a different outcome if live testimony had been taken at the disposition hearing, e.g., direct us to an offer of proof at the disposition hearing. In order to reverse the determination that the juvenile court lacked jurisdiction, then recall the remittitur, and then direct an evidentiary hearing to be held, we would need some indication of a reasonable probability of a different outcome if those things occurred. Aunt makes no such showing. Indeed, Aunt has not

6

addressed the issue of prejudice at all.  Therefore, we cannot reverse and make those orders.  (Code Civ. Proc., § 475.)

## DISPOSITION

The determination that the juvenile court lacked jurisdiction is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                    
Acting P. J.

We concur:

SLOUGH              
           J.

RAPHAEL           
           J.